UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSE LUIS BLANCO and JODI STOSSEL-
BLANCO,

          Plaintiffs,

     -against-

COSTCO WHOLESALE CORPORATION and
COSTCO WHOLESALE MEMBERSHIP, INC.

          Defendants.
-----------------------------------------------------------X

ORDER

12-CV-2076

(Wexler, J.)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★    JUN 02 2014    ★

LONG ISLAND OFFICE

APPEARANCES:

Alonso Krangle LLP
BY: Andres F. Alonso, Esq.
445 Broad Hollow Road, Suite 205
Melville, NY 11747
Attorneys for Plaintiffs

Glaagher, Walker, Bianco & Plastaras, LLP
BY: Brian R. Kenney, Esq.
98 Willis Avenue
Mineola, NY 11501
Attorneys for Defendants.

WEXLER, District Judge:

     Plaintiffs Jose Luis Blanco ("Blanco" or "Plaintiff") and Jodi Stossel-Blanco bring this negligence action against Costco Wholesale Corporation and Costco Wholesale Membership, Inc. ("Costco" or "Defendants") pursuant to 28 U.S.C. § 1332. Plaintiff's complaint[1] seeks damages for injuries he suffered while shopping at Costco on November 19, 2011 when an inversion table on display at the store collapsed and injured Plaintiff.

---

[1] Plaintiff's spouse Jodi Stossel-Blanco brings a claim for a loss of consortium.

Defendants have moved for summary judgment. They argue that Plaintiff caused his own injuries when he lunged for his young son who had climbed on the machine, and fell. They claim that the testimony of Plaintiff's son and daughter, who witnessed the incident, that Plaintiff did not touch the table before it fell apart, shows that the injuries resulted from Plaintiff's actions, and not any negligence on the part of Defendants. See Defendants' Memorandum of Law, at 3-4; Defendants' Reply Memorandum at 4. In response, Plaintiff claims that as he reached for his son, he grabbed the backboard of the table, which then fell apart and pulled Plaintiff and his son to the ground, causing injury. See Plaintiff's Memorandum in Opposition, at 5-6. Plaintiff also argues that Defendants failed to properly assemble the table, or use proper standards in displaying the table. Id., at 7-10.

The standards for summary judgment are well settled. Rule 56(a) of the Federal Rules of Civil Procedure states that summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); Mihalik v. Credit Agricole Cheuvreux North America, Inc., 715 F.3d 102, 108 (2d Cir. 2013). The moving party bears the burden of showing entitlement to summary judgment. See Huminski v. Corsones, 396 F.3d 53, 69 (2d Cir. 2005). In the context of a Rule 56 motion, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 122 (2d Cir. 2004).

Once the moving party has met its burden, the opposing party "'must do more than simply show that there is some metaphysical doubt as to the material facts .... [T]he nonmoving

party must come forward with specific facts showing that there is a genuine issue for trial.'" Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002), quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). As the Supreme Court has stated, "the mere existence of some alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The non-moving party may not rest upon mere conclusory allegations or denials but must set forth "'concrete particulars'" showing that a trial is needed. R.G. Group, Inc. v. Horn & Hardart Co., 751 F.2d 69, 77 (2d Cir. 1984), quoting SEC v. Research Automation Corp., 585 F.2d 31, 33 (2d Cir. 1978). Accordingly, it is insufficient for a party opposing summary judgment "'merely to assert a conclusion without supplying supporting arguments or facts.'" BellSouth Telecomms., Inc. v. W.R. Grace & Co., 77 F.3d 603, 615 (2d Cir. 1996), quoting Research Automation Corp., 585 F.2d at 33. Genuine issues of material fact preclude summary judgment. Mihalik, 715 F.3d at 117 (2d Cir. 2013)

The court has reviewed the parties' submissions and concludes that issues of material fact exist that preclude summary judgment. Various factual disputes exist, including whether Plaintiff's injuries were proximately caused by his own actions, or Defendants' negligence in either assembling or displaying the inversion table. Accordingly, Defendant's motion for summary judgment is denied. See Fed. R. Civ. P. 56(a) (a party seeking summary judgment must demonstrate that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law"); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Mihalik, 715 F.2d at 117 (2d Cir. 2013) (genuine issues of material fact preclude summary judgment).

Counsel are reminded that jury selection for the trial of this matter is scheduled for June 23, 2014 at 9:30 a.m.

SO ORDERED.

s/ Leonard D. Wexler
_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       June 2, 2014